UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARY A. SHERICK, | : | Case No. 3:12-cv-219 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| CHAMPAIGN COUNTY, OHIO, *et al.*, | : | |
| Defendants. | : | |

**DECISION AND ENTRY: (1) DENYING PLAINTIFF'S MOTION TO REMAND (DOC. 8); (2) GRANTING PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT; AND (3) DENYING DEFENDANTS' MOTION TO DISMISS (DOC. 5) AS MOOT**

This civil case is presently before the Court on Plaintiff's Motion for Remand. (Doc. 8). Defendants filed a Memorandum Opposing Plaintiff's Motion. (Doc. 9). Plaintiff filed a Reply in Support. (Doc. 10). Plaintiff's Motion for Remand is now ripe.

**I. FACTS ALLEGED**

On May 16, 2011, Officer Darren Vernon, a corrections officer employed by the Champaign County Sheriff's Department, conducted an automobile stop involving Plaintiff Mary Sherick. (Doc. 2, PAGEID 71). During the stop, Officer Vernon allegedly used excessive force on Plaintiff resulting in an injury to Plaintiff's left foot. (*Id*.) Plaintiff also alleges that Defendant Champaign County maintains an "institutionalized practice" of, among other allegations, failing to discipline and control officers, as well as failing to take adequate precautions in making employment decisions. (*Id*.)

Plaintiff originally filed her Complaint in the Champaign County Court of Common Pleas. (Doc. 2). The Complaint stated that the "action is brought pursuant to

Ohio Revised Code § 2744.03(A)(6) which applies to employees of political subdivision[s] whose actions are malicious, in bad faith, wanton or reckless." (*Id*.)

On June 13, 2012, Defendants, construing the Complaint as asserting only state law claims, moved to dismiss claims asserted against the County, claims asserted against Officer Vernon in his official capacity, and Plaintiff' demand for punitive damages. (*Id*.) In her Response, Plaintiff suggests that she does not assert state law claims against the County, and, instead, asserts federal claims pursuant to 42 U.S.C. § 1983, for which immunity under Ohio Rev. Code Chapter 2744 does not apply. (Doc. 6). Plaintiff also argues that she properly asserts state claims against Officer Vernon in his official capacity[1] and properly seeks punitive damages pursuant to § 1983. (*Id*.) In the alternative, Plaintiff requests the opportunity to amend her Complaint. (*Id*.)

Based upon Plaintiff's assertions in Response to the Motion to Dismiss, Defendants filed a Notice of Removal. (Doc. 1). Plaintiff now seeks to remand the case back to the Champaign County Court of Common Pleas on the basis that Defendants failed to timely file a Notice of Removal pursuant to 28 U.S.C. § 1446. (Doc. 8).

## II. ANALYSIS

Plaintiff contends that this case must be remanded to state court because Defendants failed to file a Notice of Removal within thirty days after receipt of service of the original Complaint. Defendants argue they filed the Notice of Removal timely, pursuant to 28 U.S.C. § 1446(b)(3), because the Complaint does not clearly and

---

[1] Plaintiff also suggests that she asserts § 1983 claims against Officer Vernon.

unambiguously plead a federal claim, and because they filed the Notice of Removal within thirty days after receiving Plaintiff's Response to their Motion to Dismiss, in which Plaintiff first clarified her intent to pursue federal claims.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

A defendant must file a notice of removal in the district court " within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1). Where "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. § 1446(b)(3).

"[T]he thirty-day period running from the date that a defendant has solid and unambiguous information that the case is removable[.]" *Walker v. Phillip Morris USA, Inc.*, 443 F. App'x 946, 950 (6th Cir. 2011) (citing *Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573, 1991 WL 112809, *3 (6th Cir. June 26, 1991). "[F]ailure to file for

removal within the thirty-day period, while waivable by plaintiff, is a formal barrier to the exercise of federal jurisdiction." *Holson*. 1991 WL 112809 at *2.

The question here is whether Defendants could solidly and unambiguously ascertain Plaintiff's intent to pursue federal claims from the allegations in her original Complaint. The Court notes that the Complaint makes no reference to the United States Constitution or any federal law. Instead, the only law specifically cited in the Complaint is Ohio Rev. Code § 2744.03(A)(6), a state statute having no applicability to claims asserted pursuant to federal law. *See* Ohio Rev. Code § 2744.09(E).[2] Nevertheless, Plaintiff argues that her Complaint asserts federal claims simply because she alleges "excessive force" and "failure to train."

With regard to the allegation that Officer Vernon used "excessive force," the Court concludes that the mere use of such term does not solidly and unambiguously assert a federal claim. The allegation of excessive force can also underlie Ohio tort claims. *See Alley v. Bettencourt*, 730 N.E.2d 1067, 1074-75 (Ohio App. 1999); *Wilhelm v. Clemens*, No. 3:04 CV 7562, 2006 WL 2619995, *11 (N.D. Ohio Sept. 13, 2006); *Vanwinkle v. City of Dayton*, No. 11115, 1989 WL 33111, *1 (Ohio App. Apr. 3, 1999) (stating that "the use of excessive force by one privileged to use force on another constitutes assault and battery").

---

[2] Ohio Rev. Code § 2744.09(E) states that, aside from a limited exception not applicable here, Ohio Revised Code Chapter 2744 regarding Political Subdivision Tort Liability "does not apply to, and shall not be construed to apply to . . . [c]ivil claims based upon alleged violations of the constitution or statutes of the United States[.]" *See also Summerville v. Forest Park*, 943 N.E.2d 522 (Ohio 2010).

-4-

In addition, Plaintiff's citation to Ohio Rev. Code § 2744.03(A)(6), a statute applying only to state law claims, further adds to the ambiguity and provides a reasonable basis upon which Defendants could conclude that Plaintiff intended to rely solely on state law claims. This is especially so where " plaintiffs in a nondiversity action are masters of their complaint and may avoid federal subject-matter jurisdiction by relying exclusively on state law." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996).

Plaintiff also asserts that Champaign County maintains an "institutionalized practice" of, among other allegations, failing to discipline and control officers and failing to take precautions in making employment decisions such as in the hiring, promotion and retention of police officers. While these allegations may underlie a claim under 42 U.S.C. § 1983 pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978),[3] Plaintiff's Complaint makes no reference to federal law, despite making specific reference to the Ohio Revised Code.

While Champaign County may have affirmative defenses, including immunity under Ohio Rev. Code § 2744.02, to comparable state law tort claims of failure to discipline, failure to control or negligent hiring, Plaintiff can rely solely on state law to

---

[3] In *Monell*, the United States Supreme Court concluded that "[l]ocal governing bodies . . . can be sued directly under § 1983 . . . where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is a "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690; *see also City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) (recognizing claims against a political subdivision under § 1983 for inadequate training where "such inadequate training can justifiably be said to represent 'city policy'").

avoid removal. *Ahearn*, 100 F.3d at 456. Plaintiff's Complaint, on its face, appears to rely solely upon state law in an effort to avoid removal, albeit, asserting state law claims against the County for which the County may assert the affirmative defense of immunity.[4] Thus, Plaintiff's intent to pursue federal claims became solidly and unambiguously clear only when Defendants received Plaintiff's Response to the Motion to Dismiss on June 28, 2012. Because Defendants filed their Notice of Removal a mere five days later, on July 3, 2012, the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3).

### III. CONCLUSION

Accordingly, Plaintiff's Motion to Remand (Doc. 8) is **DENIED**. Plaintiff is hereby **GRANTED** leave to amend the Complaint **within 14 days** from the entry of this Order. In light of the proposed amendment to the original pleading, Defendants' Motion to Dismiss (Doc. 5) is **DENIED** as moot, without prejudice to refiling.

**IT IS SO ORDERED**.

Date:  9/24/12                                            *s/ Timothy S. Black*
                                                            Timothy S. Black
                                                            United States District Judge

---

[4] "Statutory immunity is an affirmative defense, and if it is not raised in a timely fashion, it is waived." *Turner v. Cent. Local Sch. Dist.*, 706 N.E.2d 1261 (Ohio 1999).