UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY SHERICK,

    Plaintiff,

vs.

CHAMPAIGN COUNTY, OHIO, *et al.*,

    Defendants.

Case No. 3:12-cv-219

Judge Timothy S. Black

**ORDER THAT: (1) DEFENDANTS' MOTION TO DISMISS (Doc. 15)
IS GRANTED; AND (2) PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT (Doc. 18) IS GRANTED IN PART
AND DENIED IN PART**

This civil action is before the Court on Defendants'[1] motion to dismiss (Doc. 15), Plaintiff's motion for leave to file a second amended complaint (Doc. 18), and the parties' responsive memoranda (Docs. 17, 20).

**I.    BACKGROUND FACTS <u>AS ALLEGED</u> BY THE PLAINTIFF**

On May 16, 2012, Plaintiff was driving on East Street in North Lewisburg, Ohio. (Doc. 17, Ex. 1 at ¶¶ 6-7). She pulled into a parking lot associated with a local market and began exiting her vehicle via the driver's side door. (*Id*. at ¶ 6). She had her left foot and leg partially out of the door when the driver's side door was suddenly slammed back on her left foot and leg by Champaign County Deputy Darren Vernon. (*Id.*) Defendant Vernon pressed against the door, trapping and crushing Plaintiff's left leg and foot. (*Id.*)

---

[1] Defendants who move for dismissal include Officer Darren Vernon in his official capacity and Champaign County.

Defendant Vernon made statements indicating that Plaintiff could not exit her vehicle and indicating that he regularly, customarily, and as a matter of policy, uses force to prevent individuals from exiting their vehicles during traffic stops. (*Id.* at ¶ 11). The force used by Defendant Vernon was so significant that Plaintiff suffered a fracture to the area of her left foot and leg, among other injuries. (*Id.* at ¶ 8).

Plaintiff brought this action against Defendant Vernon alleging a state law claim for gross negligence as well as a claim for excessive force pursuant to 42 U.S.C. §1983. Additionally, Plaintiff has raised claims against Champaign County for excessive force pursuant to 42 U.S.C. §1983.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Twombly*, 550 U.S. at 555).

In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (citing Fed. Rule Civ. Proc. 8(a)(2)).

**B.    Motion to Amend**

Leave to amend "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). *See also Moore v. City of Paducah,* 790 F.2d 557, 559-60 (6th Cir. 1986). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601

F.3d 505, 512 (6th Cir. 2010). The grant or denial of a request to amend a complaint is left to the broad discretion of the district court. *Gen. Electric Co. v. Sargeant & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

### III.  ANALYSIS

**A.  Unidentified supervisors or officials of Champaign County and punitive damages**

Plaintiff does not oppose Defendants' motion to dismiss claims against yet unidentified county officials, supervisors or employees. (*See* Doc. 17 at 3, 9). Additionally, Plaintiff maintains that "no punitive damages claim is being raised." (*Id.* at 10). Accordingly, to the extent they were ever alleged, such claims are dismissed.

**B.  Federal claims against Defendants Champaign County and Deputy Vernon in his official capacity**

Plaintiff does not dispute that a plausible claim of county liability under 42 U.S.C. Section 1983 cannot be premised on the doctrine of *respondeat superior*. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (2986) ("The 'official policy' requirement was intended to distinguish acts of the [county] from acts of employees of the [county], and thereby make clear that liability is limited to acts for which the [county] is actually responsible."). In fact, Plaintiff agrees that an official capacity claim is "another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690 (1978). Thus, suing a county employee in his official capacity is the same as suing the county directly and both require that the plaintiff identify a policy or custom that caused the plaintiff's injury. *Bd. of County Comm'rs. of Bryan*

*Cty. v. Brown*, 520 U.S. 327, 403 (1997).

Plaintiff does not oppose Defendants' motion to dismiss her first amended complaint, but instead seeks to amend her complaint to state plausible federal claims against Defendants Champaign County and Defendant Vernon in his official capacity. In her proposed second amended complaint, Plaintiff asks the Court to infer a "policy or custom by Champaign County to use excessive force during traffic stops to prevent those from being pulled over from exiting their vehicle" based on an alleged one-time use of force upon Plaintiff by one deputy during a single May 16, 2011 traffic stop. Plaintiff cites *Palmer v. Abdalla*, No. 2:11cv503, 2011 U.S. Dist. LEXIS 145716 (S.D. Ohio Dec. 19, 2011), for the proposition that it is proper to infer an official policy based on a single incident by a single officer at a single traffic stop. However, in *Palmer*, an inmate alleged deliberate indifference under the Eighth Amendment for failure to provide him with additional blankets. *Id*. Although the court denied a motion to dismiss claims against the county, in doing so the court emphasized that the inference of an official policy was based upon allegations of "multiple requests for relief from multiple jail officials." *Id.* at 5.

Additionally, Plaintiff fails to identify any county policies, actions taken by county policy-makers, or customs or patterns of unconstitutional violations by Champaign County. Plaintiff fails to plead any factual content to allow the court to draw any reasonable inference of the required "official policy" to support liability pursuant to 42 U.S.C. § 1983 of Champaign County, either directly or through an official capacity suit against Deputy Vernon. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Accordingly, Plaintiff's

federal claims against Champaign County and Deputy Vernon in his official capacity fail as a matter of law.

Plaintiff's proposed second amended complaint fails to cure these issues and therefore leave to amend would be futile.

### C. State law claim against Deputy Vernon is his official capacity

Plaintiff claims she is not bringing any Ohio law claims against Champaign County. (Doc. 17 at 3). However, Plaintiff opposes dismissal of the official capacity state law claim against Deputy Vernon. (*Id.* at 7-8). There is no apparent basis for retaining any official capacity claims against Deputy Vernon where individual claims are made against him, except perhaps to try to circumvent statutory immunity of Champaign County and/or Ohio law precluding *respondeat superior* liability of a political subdivision for acts of its employees when no exception to immunity exists. *Howard v. City of Girard*, No. 2010-T-96, 2011 Ohio App. LEXIS 1983, at ¶ 59 (Ohio App. May 13, 2011).

In her second amended complaint, Plaintiff alleges that Deputy Vernon both individually and in his official capacity (Champaign County), is liable for gross negligence. (Doc. 17, Ex. 1 at Count III). However, claims against Deputy Vernon in his official capacity *are* claims against Champaign County. Champaign County, by law, is immune from state law liability. Ohio Rev Code § 2744.02. Plaintiff does not dispute this, but rather argues that such law is moot because she is not raising state law claims directly against Champaign County.

Plaintiff's immunity arguments are not moot to the extent that she continues to raise state law claims against Champaign County indirectly by naming Deputy Vernon in his official capacity.  Where a plaintiff has raised individual claims against a county employee, an official capacity suit is unnecessary.  Accordingly, Plaintiff's state law claim against Deputy Vernon in his official capacity fails as a matter of law.

Plaintiff's proposed second amended complaint does not remedy the substantive errors raised by Defendants in the motion to dismiss.

### IV.  CONCLUSION

Accordingly, for the reasons stated here:

1. Defendants' motion to dismiss (Doc. 15) is **GRANTED**; and

2. Plaintiff's motion for leave to file a second amended complaint (Doc. 18) is **GRANTED IN PART** and **DENIED IN PART**.  Specifically, to the extent the second amended complaint clarifies the prayer for relief and the remaining claims against Officer Vernon in his individual capacity, Plaintiff shall file the second amended complaint forthwith.

**IT IS SO ORDERED.**

Date: 12/31/12                              *s/ Timothy S. Black*
                                            Timothy S. Black
                                            United States District Judge